CHARLES DE ROSA, PROSECUTOR, v. THE MONTCLAIR POLICE AND FIREMEN'S PENSION COMMISSION AND THE TOWN OF MONTCLAIR, DEFENDANTS.

Submitted May 7, 1946—Decided July 10, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Arthur E. Klaiber* and *Charles E. McCraith, Jr.*

For the defendants, *John Ferguson.*

The opinion of the court was delivered by

BODINE, J. The prosecutor in this case was appointed to the Montclair fire department on April 15th, 1940. Deductions were regularly made from his pay checks for payment to the Montclair Police and Firemen's Pension Fund.

On July 30th, 1942, while at the Upper Montclair fire house, prosecutor was engaged in chopping wood for the pot

stove. At that time, he suffered an accident which resulted in the amputation of his right index finger. Thereafter, he manifested signs of mental disability due to the accident. He entered a sanatorium where he was treated by his physician and by Dr. Davies, a specialist in neuro-psychiatry.

After a leave of absence from the fire department, he continued under the care of various physicians until sometime in June of 1945. He applied then for and received leave of absence from duty because of his mental condition, and this leave of absence was extended until November of 1945. A request by his physician for further leave was denied, and on November 10th he received a letter from the Director of Public Safety informing him that charges might be brought against him unless he saw fit to resign. On November 15th, he filed an application requesting a pension due to permanent mental disability. The application for pension was made under *R. S.* 43:16–1. A hearing was held. On December 28th, 1945, the Pension Commission denied the application for pension, in that the disability did not occur in the performance of duty.

The statute in force at the time the application was made (*R. S.* 43:16–2, as amended *Pamph. L.* 1944, *ch.* 253), is as follows: "Any member of such police or paid or part paid fire department who shall have received permanent disability in the actual performance of duty shall be retired upon a service disability pension equal to one-half of his average salary."

There seems to have been no disagreement among the doctors. Dr. Christopher C. Beling, called for the commissioners, recommended an extended leave of absence in the hope of rehabilitation.

The statement is made, in the brief of the defendants, that the records of the pension fund show that the prosecutor has not contributed to the fund for a period of five years. If that be the fact, those records are not in evidence and there is no way by which we can substitute for proofs the bare assertion of counsel. Prosecutor's testimony was otherwise.

It is perfectly clear to us that it was as much the duty of the prosecutor to prepare wood for the pot stove, which was

necessary to heat the water for the men's comfort, as to do any other act incidental to his duties as a fireman.

The action of the Board of Commissioners will be set aside with instructions that a pension be granted to the prosecutor of this writ, in accordance with the provisions of the statute.